wheel he was taking himself outside the duties or the scope of his employment. On the contrary, the Workmen's Compensation Board found as a fact that "there was no positive instruction [to Ginther] not to permit others to drive," and Romigh testified that Ginther was the "boss" whenever the employer was absent and had frequently ordered him, Romigh, to drive a truck. Under these facts it would seem clear that, in the words of Judge BALDRIGE, who wrote the opinion of the Superior Court. "It cannot be said that he [Ginther] had . . . abandoned his employment and become a trespasser so that he was not engaged in the furtherance of his employer's business at the time of the accident."

I would affirm the judgment of the Superior Court which upheld the award made by the Workmen's Compensation Board.

Mr. Chief Justice MAXEY concurs.

Revak, Appellant, v. Anderson, Exrx.

Argued March 29, 1943. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, PARKER and STEARNE, JJ.

66

68

*Edward O. Spotts, Jr.,* with him *J. L. Weinstein,* for appellant.

*E. W. Langfitt,* for appellee.

PER CURIAM, September 25, 1943:
The judgment is affirmed on the opinion of Judge SOFFEL of the Court below.